**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

CHARLES WHITE,

    Petitioner,

v.                                         Civil Action No. 2:20-CV-10711
                                          HONORABLE NANCY G. EDMUNDS
                                          UNITED STATES DISTRICT JUDGE

JONATHAN HEMINGWAY,

    Respondent.
_____/

**OPINION AND ORDER SUMMARILY DENYING THE PETITION FOR A WRIT OF
HABEAS CORPUS BROUGHT PURSUANT TO 28 U.S.C. § 2241 AND GRANTING
LEAVE TO APPEAL *IN FORMA PAUPERIS***

    Charles White, (petitioner), currently incarcerated at the Federal Correctional Institution in Milan, Michigan, filed a *pro se* petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, challenging his conviction out of the United States District Court for the Northern District of Illinois for several counts of wire fraud. For the reasons stated below, the petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 is summarily denied.

**I.     Background**

    Petitioner was convicted following a jury trial in the United States District Court for the Northern District of Illinois. Petitioner's conviction was affirmed on appeal. *United States v. White,* 737 F.3d 1121 (7th Cir. 2013).

    Petitioner filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255, which was denied. *White v. United States*, No. 1:15-CV-00593 (N.D. Ill. June 30, 2015); *app. dism*. No. 15-3884 (7th Cir. Nov. 4, 2016).

1

Petitioner filed several Rule 60(b) motions for relief from judgment, claiming that he had newly discovered evidence the several mortgage companies and financial institutions which handled evidence used in his criminal case later admitted to falsifying mortgage applications in other cases. Petitioner submits that the government used perjured testimony from employees of the mortgage companies to obtain a conviction. Petitioner claimed that this newly discovered evidence would have resulted in a different verdict. The district judge denied the motions, finding them to be unauthorized successive motions to vacate sentence and in the alternative to be meritless. *White v. United States,* No. 1:15-CV-00593 (N.D. Ill. Oct. 3, 2019)(**ECF No. 1, PageID.39**). [1]

Petitioner filed a notice of appeal with the Seventh Circuit. The Seventh Circuit ruled that to the extent petitioner was seeking permission to file a successive motion to vacate sentence, his evidence failed either to establish his innocence or that there was a new or retroactive rule of constitutional law that would permit him to file a successive motion to vacate sentence. To the extent petitioner was seeking a certificate of appealability, the Seventh Circuit denied petitioner a certificate of appealability because he failed to make a substantial showing of the denial of a constitutional right. *White v. United States,* No. 19-3037 (7th Cir. Nov. 25, 2019).

Petitioner filed an application to file a successive collateral attack with the Seventh Circuit, in which he sought permission to file a successive motion to vacate sentence. Petitioner again claimed he had newly discovered evidence of his innocence that would allow him to file a successive motion to vacate sentence. The Seventh Circuit denied petitioner permission to file a successive motion to vacate sentence, because he was again relying on the same information that

---

[1] Petitioner has not provided all of the prior opinions and orders from his criminal case or appeal, only attaching this order and the Seventh Circuit's order denying him permission to file a successive motion to vacate sentence. This Court will provide an ECF citation for those orders that petitioner has attached to his petition.

2

he had presented in his earlier proceedings concerning the alleged false and deceptive practices of these mortgage companies and financial institutions. The Seventh Circuit concluded that petitioner failed to show this evidence was new or exculpatory. *White v. United States,* No. 20-1216 (7th Cir. Feb. 25, 2020)(**ECF No. 1, PageID.37-38**).

Petitioner has filed a petition for a writ of habeas corpus. Petitioner seeks habeas relief on the ground that the newly discovered evidence involving the false and fraudulent practices of several mortgage companies and other financial institutions establishes his actual innocence, so as to allow him to obtain habeas relief from this Court.

## II. Discussion

A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed. *See Perez v. Hemingway,* 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001). Federal courts are also authorized to dismiss any habeas petition that appears legally insufficient on its face. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition or the exhibits that are attached to it that the petitioner is not entitled to federal habeas relief. *See Carson v. Burke,* 178 F.3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254. The Sixth Circuit long ago indicated that they "disapprove the practice of issuing a show cause order [to the respondent] until after the District Court first has made a careful examination of the petition." *Allen v. Perini,* 424 F.3d 134, 140 (6th Cir. 1970). A district court therefore has the duty to screen out any habeas corpus petition which lacks merit on its face. *Id.* at 141. No return to a habeas petition is necessary when the petition is frivolous, or obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a return by the state. *Id.* District courts have used Rule 4

3

of the habeas corpus rules to summarily dismiss facially insufficient habeas petitions brought under § 2241. *See e.g. Perez,* 157 F. Supp. 2d at 796 (additional citations omitted). The petition is subject to summary dismissal because it is facially insufficient to grant habeas relief. See *Alexander v. N. Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).

A federal prisoner may bring a claim challenging his conviction or the imposition of sentence under 28 U.S.C. § 2241 only if it appears that the remedy afforded under § 2255 is inadequate or ineffective to test the legality of the defendant's detention. *See Wooten v. Cauley,* 677 F.3d 303, 307 (6th Cir. 2012). Habeas corpus is not an additional, alternative, or supplemental remedy to the motion to vacate, set aside, or correct the sentence. *See Charles v. Chandler*, 180 F.3d 753, 758 (6th Cir. 1999). The burden of showing that the remedy afforded under § 2255 is inadequate or ineffective rests with the petitioner and the mere fact that a prior motion to vacate sentence may have proven unsuccessful does not necessarily meet that burden. *In Re Gregory*, 181 F.3d 713, 714 (6th Cir. 1999). The remedy afforded under § 2255 is not considered inadequate or ineffective simply because § 2255 relief has already been denied, or because the petitioner has been procedurally barred from pursuing relief under § 2255, or because the petitioner has been denied permission to file a second or successive motion to vacate sentence. *Wooten v. Cauley,* 677 F.3d at 303; *Charles v. Chandler,* 180 F.3d at 756.

Petitioner claims that he has newly discovered evidence that various mortgage companies and financial institutions that handled evidence that was used in his criminal case engaged in false or deceptive practices. Petitioner argues that this evidence establishes that he is actually innocent so as to allow him to invoke the savings clause of § 2255(e) that would permit him to obtain habeas relief from his conviction under 28 U.S.C. § 2241.

A federal prisoner cannot raise a claim of actual innocence in a § 2241 petition through the saving clause unless he "had no prior reasonable opportunity" to bring his argument for relief. *Wright v. Spaulding*, 939 F.3d 695, 705 (6th Cir. 2019).

Petitioner already presented his actual innocence claim in his Rule 60(b) motions with the Northern District of Illinois and the subsequent appeal to the Seventh Circuit. Petitioner again presented his actual innocence argument and the evidence in support of that argument in his motion for authorization to file a successive motion to vacate sentence with the Seventh Circuit, which was denied. Petitioner had several opportunities to present his actual innocence claim to the district court and the Seventh Circuit.

Habeas corpus relief is unavailable to a federal prisoner whose claims have already been ruled upon adversely in a prior proceeding. *See e.g. Sandles v. Scott,* 26 F. Supp. 2d 1355, 1356-1357 (N.D. Ga. 1998)(denying habeas petition when petitioner's claims had already been ruled upon adversely in his prior motion to vacate sentence). Petitioner is not entitled to use § 2255(e) savings clause to obtain habeas relief because he is essentially "recycling" the argument that he made in his prior unsuccessful motion to authorize a successive motion to vacate sentence, which was denied by the Seventh Circuit. *See Yates v. Snyder-Norris*, 164 F. Supp. 3d 953, 961 (E.D. Ky. 2016). Because petitioner's actual innocence claim is merely a "re-hash" of the actual innocence claim that he previously raised, he is unable to raise this claim anew in a § 2241 petition for a writ of habeas corpus. *See King v. Thoms,* 54 F. App'x 435, 438 (6th Cir. 2002).

### III. ORDER

IT IS HEREBY ORDERED that the Petition for a Writ of Habeas Corpus brought pursuant to 28 U.S.C. § 2241 is **SUMMARILY DENIED.** Because a certificate of appealability is not needed to appeal the denial of a habeas petition filed under § 2241, *Witham v. United States,* 355

F.3d 501, 504 (6th Cir. 2004), petitioner need not apply for one with this Court or with the Sixth Circuit before filing an appeal from the denial of his habeas petition. The Court will grant petitioner leave to appeal *in forma pauperis* because any appeal would be taken in good faith. *See Foster v. Ludwick,* 208 F. Supp. 2d 750, 765 (E.D. Mich. 2002).

Dated: March 23, 2020

s/ Nancy G. Edmunds
HON. NANCY G. EDMUNDS
UNITED STATES DISTRICT JUDGE